Gaston, Judge.
Upon the trial of this cause, it seems j *353 have been taken for granted that the defendant was liable in damages, if he took insufficient security for the appeal, with ° ■ J rr 7 a knowledge that it was insufficient. We do not mean to decide whether this opinion was correct or erroneous, and , , r , , , . , tice it only, lest our silence might be construed into approbation of it. Whether in granting the appeal and accepting the security, the magistrate did not act in a judicial character, and on a matter within his jurisdiction, is a question that may be well worthy of deliberate examination. If he did, then the action was not maintainable. The law is clear, that in general no action can be supported against a Judge or justice of the peace, acting judicially and within the sphere of his jurisdiction, however erroneous his decision, or malicious the motive imputed to him. This doctrine is to be found in the earliest judicial records, and has been steadily maintained as essential to prevent <! the slander of justice,” and to protect those who are bound to administer it “ from continual calumniations"—Floyd v. Barker, 12 Co. 23—and from the peril of being arraigned for every judgment they might pronounce. Grœnvelt v. Burnwell, 1 Ld. Ray. 454.
But if the act complained of be not a judicial act, then we concur with his Honor in the opinion that the defendant was not liable, if he acted bona fide and according to his best information. In the case of the Governor v. McAffee, 2 Dev. 15, this limitation of responsibility was not only recognized as attaching to all common law remedies for omission of duty in a magistrate, but was held impliedly to restrain the general words of a statute creating a responsibility for failure to perform a duty in a prescribed form.
Per Curiam. Judgment affirmed.